# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 13-178 (JNE/JJK) |
| Plaintiff, | |
| v. | **ORDER AND REPORT AND RECOMMENDATION** |
| Lihi Aliza Elgrably, | |
| Defendant. | |

Laura M. Provinzino, Esq., Assistant United States Attorney, counsel for Plaintiff.

Katherian D. Roe, Esq., Assistant Federal Defender, counsel for Defendant.

This matter is before the Court on Defendant's motions for discovery and disclosure and to suppress evidence. The Government's motion for discovery is also before the Court. The parties notified the Court that a hearing on these motions would not be necessary, and the Court cancelled the August 28, 2013 hearing. Based on the motions, and on all the proceedings in this case, the Court makes the following Order:

**1. Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, and 26.2.** The Government seeks disclosure of documents and tangible objects, reports of examinations and tests, and a written summary of expert testimony pursuant to Fed. R. Crim. P. 16(b).

1

The Government also seeks disclosure of any alibi by Defendant pursuant to Fed. R. Crim. P. 12.1, and all witness statements pursuant to Fed. R. Crim. P. 26.2.  In addition, the Government seeks notice (by the pretrial-motions hearing date) pursuant to Fed. R. Crim. P. 12.2, if Defendant intends to rely upon the defense of insanity or introduce expert testimony relating to a mental disease or defect or any other mental condition of Defendant bearing on the issue of guilt.  Defendant asserts no objection to the motion.  Therefore, Defendant is hereby ordered to comply with the discovery and disclosure obligations under the rules.  The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, and 26.2 **(Doc. No. 20)**, is **GRANTED**.

2. **Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant.**  Defendant moves for disclosure of materials favorable to the Defendant under *Brady v. Maryland*, 373 U.S. 83 (1963), *Miller v. Pate*, 386 U.S. 1 (1967), *Giles v. Maryland*, 386 U.S. 66 (1967), and *Moore v. Illinois*, 408 U.S. 786 (1972).  The Government asserts that it is aware of its discovery obligations under these cases and their progeny and states that it has complied with and will continue to comply with those discovery obligations.   The Government objects to Defendant's motion to the extent it calls for disclosure of information protected by the Jencks Act and from immediate disclosure under *Giglio v. United States*, 405 U.S. 150 (1972).  Defendant's Pretrial Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant **(Doc. No. 21)**, is

**GRANTED** to the extent that the Government shall continue to provide information as required by *Brady*, *Miller*, *Giles*, *Miller*, and *Giglio*.

3. **Defendant's Pretrial Motion for Disclosure of Rule 404 Evidence.** Defendant moves for immediate disclosure of evidence of "bad acts" or "similar course of conduct" evidence it intends to offer at trial pursuant to Fed. R. Evid. 404. The Government asserts that it will comply with its obligations under Rule 404, but it objects to Defendant's request to set a deadline for disclosure and states that it plans to disclose such evidence no later than seven days before trial. The Government presents no authority for its position that "setting a deadline for all Rule 404(b) evidence is not appropriate and would contravene the Rule." (Doc. No. 27, Gov't's Omnibus Resp. to Def.'s Mots. ("Gov't's Resp.") 3.) Defendant's Pretrial Motion for Disclosure of 404 Evidence **(Doc. No. 22)**, is **GRANTED** as further stated herein. To the extent that the Government obtains evidence encompassed by Rule 404(b) evidence, it shall disclose such evidence as soon as practicable after the Government has determined to use such evidence, but no less than **fourteen days** before trial, and in accordance with all rules and statutes. Whether particular evidence is admissible is a matter properly determined in the context of trial.

4. **Defendant's Pretrial Motion for Discovery and Inspection.** Defendant seeks an order pursuant to Federal Rules of Criminal Procedure 12 and 16 requiring the Government to disclose all written, recorded, or oral statements made by Defendant, Defendant's prior record, and a written summary

3

of any testimony that the Government intends to use under Federal Rules of Evidence 702, 703, or 705 in its case-in-chief. Defendant also seeks to inspect and/or copy certain objects, including photographs, which are material to the preparation of the defense or are intended for use by the Government at trial, and the results of any physical or mental examinations or scientific tests or experiments, or forensic examinations. The Government represents that it has already complied with Rule 16 and that it will continue to do so, and it opposes the motion to the extent it exceeds the requirements of Rule 16. Defendant's Pretrial Motion for Discovery and Inspection **(Doc. No. 23)**, is **GRANTED** to the extent that the motion conforms to the scope of Rules 12 and 16, and the Government should continue to disclose evidence as required by the Rules and pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), and as subsequently delineated in the case law, including limitations upon the Government's obligation. Expert witness information shall be disclosed at least **fourteen days** prior to trial.

5. **Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence.** Defendant moves for an order requiring any agent to retain and preserve rough notes taken and evidence seized as a part of their investigation. The Government does not object to retention of any rough notes created as part of the investigation and asserts that it has taken steps to do so. Defendant's Pretrial Motion for Government Agents to Retain Rough Notes and Evidence **(Doc. No. 24)**, is **GRANTED** to the extent that agents and officers

4

retained such records and evidence while investigating Defendant.  Disclosure of rough notes is not required pursuant to this Order.

## REPORT AND RECOMMENDATION

6. **Defendant's Pretrial Motion to Suppress Evidence Obtained as a Result of Search and Seizure.**  Based on Rule 12 of the Federal Rules of Criminal Procedure, Defendant moves to suppress any physical evidence obtained as a result of a search and seizure on grounds that any searches and seizures were conducted without a warrant, without probable cause, and lacking in any exigent circumstances.  The Government asserts that it is not aware of any evidence it intends to use at trial in this case that was obtained as a result of search and seizure.  (Doc. No. 27, Gov't's Resp. 5.)  Based on this representation, Defendant agreed there was no need to hold an evidentiary hearing on the motion to suppress.  Therefore, this Court recommends that Defendant's Pretrial Motion to Suppress Evidence Obtained as a Result of Search and Seizure **(Doc. No. 25)**, be **DENIED AS MOOT**.

7. **Defendant's Pretrial Motion to Suppress Statements, Admissions, and Answers.**  Defendant moves to suppress all statements, admissions, and answers made by Defendant prior to, at the time of, or subsequent to her arrest on grounds that the statements were made without assistance of counsel in violation of Defendant's Fifth and Sixth Amendment rights and that any statements and answers were not given freely and voluntarily.

5

The Government asserts that the motion should be denied because it is not aware of any statements, admissions, or answer by the Defendant that it intends to use at trial. (Doc. No. 27, Gov't's Resp. 5.) Based on this representation, Defendant agreed there was no need for an evidentiary hearing on this motion to suppress evidence. Therefore, this Court recommends that Defendant's Pretrial Motion to Suppress Statements, Admissions, and Answers **(Doc. No. 26)**, be **DENIED AS MOOT**.

Date: August 27, 2013

           *s/ Jeffrey J. Keyes*
           JEFFREY J. KEYES
           United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **September 10, 2013,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.